**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEVIN B. WHEELER | ) | CASE NO. 16-50392-acs |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| CROP PRODUCTION SERVICES, INC. | ) | AP NO. 16-05021-thf |
| Plaintiff | ) | |
| | ) | |
| MARK LITTLE, TRUSTEE | ) | |
| Third Party Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KEVIN B. WHEELER | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FARMERS BANK AND TRUST OF | ) | |
| MARION, KENTUCKY, INC. | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Crop Production Services, Inc.'s ("CPS") Motion for Summary Judgment (DN 36) against Kevin B. Wheeler (the "Debtor") and Farmer's Bank and Trust Company, of Marion, Kentucky, Inc. ("FBT").[1]  The motion for summary judgment seeks to avoid any lien FBT may have on Debtor's collateral and to recover payments made by Debtor to FBT.

---

[1] FBT also filed a Motion for Summary Judgment against CPS and Mark Little (DN 57).  This Motion will be separately set.

The Court considered the motion for summary judgment, Chapter 7 Trustee, Mark Little's ("Trustee") Memorandujm (sic) of Law and Fact in Response and Support of Motion for Summary Judgment Against Farmer's Bank and Trust (DN 41), [2] both Defendants' responses, CPS's Reply to FBT's Response to Motion for Summary Judgment, all exhibits attached to those filings, and oral arguments held on December 11, 2017.  For the foregoing reasons, the Court will **GRANT IN PART and DENY IN PART** the Motion for Summary Judgment.

The Court has jurisdiction pursuant to 28 U.S.C. § 1334.[3]  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. § 1409.  The parties here assert, and the court agrees, that the court has jurisdiction over the non-dischargeability and priority disputes between CPS and FBT because they are core proceedings.  28 U.S.C. § 157(b)(2)(K).  Thus, the court has both jurisdiction and authority to hear and enter judgment on those issues.  *In re Reckart Equip. Co., Inc.*, 2017 WL 943909, at *1 (Bankr. N.D.W. Va. Mar. 9, 2017).

## UNDISPUTED FACTS

The Debtor was engaged in the business of farming until the end of the 2015 crop year. In order to farm the 2,500 acres, Debtor obtained various loans for equipment and land.  Additionally, the Debtor needed financing to put his crop in the field (referred to as "crop input financing").  To secure repayment on such loans, creditors would place liens against Debtor's crops and other farming related collateral.

---

[2] Trustee's Memorandum of Law supports CPS's Motion for Summary Judgement, but also, seeks to avoid a crop insurance payment made to FBT as a preference.  During oral arguments on December 11, 2017, Trustee orally conceded that he no longer has a preference cause of action.  The Court will only consider Trustee's Memorandum of Law to the extent it relates to CPS's Motion for Summary Judgment.  By separate Order, the Court will set a hearing regarding the status of Trustee's Intervening Complaint (DN 20).

[3] This Court will only retain jurisdiction over the matters that are addressed in this Memorandum Opinion.

On or about July 19, 2005, Debtor granted FBT a lien ("2005 Lien") against "all crops growing or to be grown in fields or produce thereof…"[4]  (DN 41-2).  FBT perfected its lien by filing a UCC-1 Financing Statement with the Kentucky Secretary of State.  Although FBT filed a timely continuation of its UCC-1 on May 7, 2015 (extending the lien an additional five years), FBT filed a termination statement on July 10, 2015.  (DN 41-3).  The termination statement lists Farmers Bank & Trust as the secured party of record authorizing the amendment.  (DN 14-4).  About 10 minutes later, on the same day, FBT filed an amendment attempting to add itself as a secured party.  (DN 41-4).  Nearly nine months later, on April 18, 2016, FBT filed a UCC-5 Correction Statement.  The UCC-5 asserts that the termination was accidental.  (DN 41-5).  Finally, on April 27, 2016, FBT filed a new UCC-1, which is identical to the initial UCC-1 filed on July 19, 2005.  Throughout this period, Debtor continued to make payments on his indebtedness to FBT.  On March 20, 2016, Debtor's insurance company, ARMtech Insurance Services, issued a crop insurance check for $102,411.00.

In addition to the above loan, on August 28, 2009, FBT and Debtor entered into another security agreement whereby Debtor pledged as collateral, "all agricultural program payments, all crop insurance proceeds or any other farm related payments payable to Kevin B. Wheeler."  (DN 43-1).  A timely continuation of the UCC-1 was filed on July 31, 2014.

On or about March 3, 2011, the Debtor formed K&D Farms, LLC.  (DN 38-1).  On March 29, 2012, FBT and K&D Farms, LLC entered into a security agreement.  (DN 43-3).  The agreement purports to provide FBT a security interest in "all crops growing or to be grown [sic] stored grains wherever located [sic] crop insurance proceeds and certain government payments [sic] all equipment now owned or hereafter acquired [sic] all livestock and offspring now owned

---

[4] UCC Record Number: 2005-2105228-07

or hereafter acquired wherever located now or in the future."  No promissory note was given in exchange for this security agreement.

In addition to the FBT loans, Debtor also received a credit limit up to $600,000 from CPS. On May 20, 2011, CPS filed a financing statement perfecting its lien on, "[a]ll crops growing or to be grown, inventory, and proceeds thereof.  All marketing contracts, all USDA/FSA program allocations, and assignments to crop insurance on crops." (DN 1 at 14).  CPS timely filed a continuation of its lien on May 17, 2017, thereby continuing its lien for an additional five years. CPS did not receive payment from the Debtor's 2015 crops.  Consequently, CPS filed a civil action in the Crittenden County, Kentucky, Circuit Court, and was in the process of conducting discovery when the Debtor filed bankruptcy.[5]

On June 15, 2015, Debtor filed for Chapter 7 Bankruptcy.  On November 4, 2016, FBT filed secured claim number 4-1 for $146,793.11.  On November 7, 2016, CPS filed a secured claim number 5-1 for $333,757.73.  Both proofs of claim assert their secured status based on UCC-1 statements that list collateral as crops growing or to be grown.  FBT also attached additional financing statements listing livestock and crop insurance proceeds as collateral. (Claim 4-1, Part 4).  No other party filed a claim against the Debtor's 2015 crops or crop proceeds.

## LAW AND ANALYSIS

### A.  Summary Judgment Standard

This matter is ripe for decision pursuant to Federal Rule of Civil Procedure 56, which applies in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.  "In considering a motion for summary judgment, the question presented to this Court is whether there is 'no genuine issue as to any material fact and whether the moving party is entitled to judgment

---

[5] Case number 15-CI-00034.

as a matter of law.'"  *In re Kennedy*, 243 B.R. 1, 6 (Bankr. W.D. Ky. 1997) (citing Fed.R.Civ.P. 56(c)).  "[T]he judge must view the evidence presented through the prism of the substantive evidentiary burden; i.e., whether a jury could reasonably find either the plaintiff proved his case by the quality or quantity of evidence required by the law or that he did not."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).  "[T]he inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion."  *Kennedy*, 243 B.R. at 6.  If a question of material fact remains, the motion must be denied.

In the case at hand, the parties do not dispute the material facts, but they apply a number of varied and divergent legal theories to those facts.

## B.  Kentucky Law

Kentucky has adopted the Uniform Commercial Code in Kentucky Revised Statute Chapter 355.  According to K.R.S. § 355.9-203, "[a] security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral...."  KRS § 355.9-203(1).  A creditor perfects its security interest upon filing a financing statement (also referred to as a UCC-1) with the Secretary of State.  KRS § 355.9-310(1).  Most financing statements remain effective for five years, then lapse and become unperfected unless a continuation statement is filed.  KRS § 355.9-515(1).

Actions taken regarding financing statements in Kentucky are governed by KRS §§ 355.9–509, –511, and –513.  These statutes provide in pertinent part as follows:

> **KRS § 355.9–509 Persons entitled to file a record**
> (1) A person may file an initial financing statement, amendment that adds collateral covered by a financing statement, or amendment that adds a debtor to a financing statement only if:

(a) The debtor authorizes the filing in an authenticated record or pursuant to subsection (1) or (2) of this section;

...

(4) A person may file an amendment other than an amendment that adds collateral covered by a financing statement or an amendment that adds a debtor to a financing statement only if:

(a) The secured party of record authorizes the filing;

…

### KRS § 355.9–511 Secured party of record

(1) A secured party of record with respect to a financing statement is a person whose name is provided as the name of the secured party or a representative of the secured party in an initial financing statement that has been filed....

(2) If an amendment of a financing statement which provides the name of a person as a secured party or a representative of a secured party is filed, the person named in the amendment is a secured party of record....

(3) A person remains a secured party of record until the filing of an amendment of the financing statement which deletes the person.

...

### KRS § 355.9–513 Termination statement

....

(4) … *upon the filing of a termination statement with the filing office, the financing statement to which the termination statement relates ceases to be effective*[6].....

KRS § 355.9–510; KRS § 355.9–511; KRS § 355.9–513 (emphasis added). *See also In re S.J. Cox Enterprises, Inc.*, 2009 WL 939573, at *3–4 (Bankr. E.D. Ky. Mar. 4, 2009). The aforementioned provisions make it clear that the only party authorized to file a termination statement is the secured party of record. *Id.*

The filing of a termination statement renders the financing statement to which the termination relates ineffective and causes the lien to become unperfected. In the event of a financing statement's expiration, "… a financing statement ceases to be effective and any security interest or agricultural lien that was perfected by the financing statement becomes unperfected, unless the

---

[6] The exception stated in the introductory clause of this provision is inapplicable to this case.

security interest is perfected otherwise." KRS § 355.9-515(3). While KRS § 355.9-515 addresses the effect of a financing statement expiring, the Court believes that termination would have the same consequence.

In a priority dispute, a perfected security interest takes priority over an unperfected security interest. KRS § 355.9-322(1)(b). If two creditors have perfected security interests in the same collateral, the first party to file or perfect will gain priority. KRS § 355.9-322(1)(a); *See also Farmer's & Miner's Bank v. Lee*, 2017 WL 4707457 at \*5 (E.D. Ky. Oct. 19, 2017).


**C.  2005 Lien**

There is no dispute that FBT's 2005 Lien was valid and properly perfected. When FBT filed its termination statement in July of 2015, its 2005 lien became unperfected and the collateral was released. It is immaterial that 10 minutes later FBT attempted to amend the termination because upon termination the initial financing statement became ineffective. The amendment purports to add FBT as a secured party to the terminated financing statement; however, it defies logic that FBT can add itself to a statement that is no longer effective. A termination statement's "effect on a security interest is dramatic and final." *In re S.J. Cox Enterprises, Inc.*, 2009 WL 939573, at \*5 (citing *In re Kitchin Equip. Co. of Virginia, Inc.,* 960 F.2d 1242, 1247 (4th Cir. 1992)).

FBT argues that the filing of the termination statement was unauthorized. This argument also fails. KRS § 355.9-509(4) allows an amendment, such as a termination statement, to be filed only if "the secured party of record authorizes the filing…" KRS § 355.9-509(4). The termination statement names Farmers Bank & Trust Company as the secured party of record authorizing this amendment. Although the termination may have been inadvertent, it was filed by a loan processor of FBT that is handles financing statements.

FBT cites to *In re Motors*, contending that the loan processor did not have actual authority to terminate the financing statement because the processor could not reasonably believe FBT consented to it. *In re Motors Liquidation Co.*, 486 B.R. 596 (Bankr. S.D.N.Y. 2013). The Second Circuit, however, reversed the bankruptcy court's interpretation of whether a terminated financing statement was unauthorized. *In re Motors Liquidation Co.*, 777 F.3d 100 (2d Cir. 2015) (the secured party, JP Morgan, reasoned that it could not have authorized the filing of a termination statement because it neither intended to terminate the security interest nor instructed anyone else on its behalf). "Authorization relates to the act of filing, not necessarily to the effect of that act." *Id*. at 104. As long as the usual person handling such statements filed it, authorization exists.

The Second Circuit also addressed policy concerns "[b]efore a secured party authorizes the filing of a termination statement, it ought to review the statement carefully and understand which security interests it is releasing and why.... If parties could be relieved from the legal consequences of their mistaken filings, they would have little incentive to ensure the accuracy of the information contained in their UCC filings." *Id. at 103–04*. Every termination statement would be subject to attack as unauthorized. The filing of a termination statement is a method of making the record reflect the true state of affairs so that fewer inquiries will have to be made by those who consult the public records. *In re Silvernail Mirror & Glass, Inc.*, 142 B.R. 987, 989 (Bankr. M.D. Fla. 1992). "Even if the Termination Statement did not reflect the parties' true intent, it would be materially misleading to a potential creditor relying on the public records." *Id*.

As a matter of law, FBT's 2005 Lien on the Debtor's crops was terminated by the filing of a termination statement in July of 2015. The subsequent filing of an amendment by FBT did not alter the effectiveness of the termination statement and was entirely ineffective in reversing the effect of the termination statement. Thus, between July 10, 2015 and April 18, 2016, FBT's 2005

Lien remained unperfected.  Therefore, this case boils down to a simple dispute between an unperfected secured creditor (FBT) and a perfected secured creditor (CPS).  Applying Kentucky's priority dispute statute, "[a] perfected security interest or agricultural lien has priority over a conflicting unperfected security interest or agricultural lien."    KRS  355.9-322(1)(b). Consequently, CPS moved to first priority when FBT terminated its 2005 financing statement.

### D.  Fraud Claims and Disgorgement of Funds

A dispute of material facts exists regarding the remaining issues pending on CPS's motion for summary judgment.  The Court will deny summary judgment on non-dischargeability and the fraud claims CPS alleges against the Debtor.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** in part and **DENIES** in part CPS's Motion for Summary Judgment.  A separate order incorporating the findings herein accompanies this Memorandum-Opinion.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEVIN B. WHEELER | ) | CASE NO. 16-50392-acs |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| CROP PRODUCTION SERVICES, INC. | ) | AP NO. 16-5021-thf |
| Plaintiff | ) | |
| | ) | |
| MARK LITTLE, TRUSTEE | ) | |
| Third Party Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KEVIN B. WHEELER | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FARMERS BANK AND TRUST OF | ) | |
| MARION, KENTUCKY, INC. | ) | |
| Defendants. | ) | |

**ORDER**

This matter came before the Court on Crop Production Services, Inc.'s ("CPS") Motion for Summary Judgment.

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference and the Court being duly advised,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that CPS is entitled to judgment as a matter of law declaring its perfected 2011 lien has higher priority than that of Farmer Bank and Trust ("FBT"). Therefore, CPS's Motion for Summary Judgment as to its priority status is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Summary Judgment

as to the remaining issues in CPS's motion is **DENIED**.

Thomas H. Fulton
United States Bankruptcy Judge

Dated:  December 22, 2017